United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Ralph Higgens, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 16-24035-Civ-Scola |
| | ) |
| Trident Asset Management, LLC, | ) |
| Defendant. | ) |

**<u>Order Denying Motion to Dismiss:</u>**

Plaintiff Ralph Higgens has brought this action against Defendant Trident Asset Management, LLC, a debt collector, for violations of the Fair Debt Collection Practices Act. Higgens complains Trident re-reported a debt to credit bureaus after he disputed the debt. The FDCPA requires a plaintiff to establish that the debt in dispute is a consumer debt. 15 U.S.C. § 1692a. In his complaint, Higgens asserts the expense resulting in the debt was a "medical bill" that was "primarily for personal, family or household purposes." (Compl. ¶9–10 , ECF No. 22.) Trident has moved to dismiss the amended complaint, arguing that the allegations are insufficient to establish the debt is a consumer debt. The Court finds Higgens's description of the debt, though brief and cursory, sufficient to establish the nature of the debt for the purposes of surviving a motion to dismiss. For these reasons, the Court **denies** Trident's motion to dismiss. (**ECF No. 29**.)

1. **Legal Standard**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility

standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

Yet, where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. *See Twombly*, 550 U.S. at 557. "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008). "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

## 2. Legal Analysis

In order to state a claim under the FDCPA, a plaintiff must establish that: (1) he has been subject to collection activity arising from a consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; (3) the defendant has participated in an act or omission prohibited by the FDCPA. *See McCorriston v. L.W.T., Inc.*, 536 F. Supp. 2d 1268, 1273 (M.D. Fla. 2008). Trident's motion to dismiss addresses only the first element of an FDCPA claim requiring the relevant debt be a "consumer debt." 15 U.S.C. § 1692a(5). "Consumer debt" is defined as "an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." *Id.* In his amended complaint, Higgens describes the debt as a "medical bill" that "was primarily for personal, family or household purposes". (Compl. ¶9-10, ECF No. 22.) Trident contends this brief description fails to establish that the bill is a consumer debt.

To support its motion, Trident primarily relies on *Dokumaci v. MAF Collection Services.* No. 8:09-cv-02488-T-24-TGW, 2010 WL 2560024, at *2 (M.D. Fla. June 17, 2010). In that case, the court found the complaint failed to establish that the debt in a FDCPA claim constituted a consumer debt. *Id.* That plaintiff provided only that "Mease Hospital was the original creditor of the $38 debt." *Id.* The court found that this description revealed only "the identity of the

creditor, not the nature of the debt." *Id.* In some cases the identity of an original creditor may implicate a certain category of transactions that necessarily establishes the nature of a debt. In others, however, as in *Dokumaci*, the identity of the creditor alone is not enough. Here, in contrast, Higgens did not name the original creditor but instead described the debt as a "medical bill." (Compl. at ¶9-10.) *Dokumaci* is therefore not helpful in determining whether Higgens sufficiently described the relevant debt in the complaint: Higgens actually described his debt, at least to an extent, but did not identify the original creditor.

The Court disagrees with Trident's claim that Higgens is required to plead the actual circumstances surrounding the medical bill. A brief description of the debt in the complaint is sufficient to establish the nature of the debt. *See Frazier v. Absolute Collection Servs.*, 767 F. Supp. 2d 1354, 1363 (N.D. Ga. 2011) (the "plaintiff's obligation to pay a hospital bill that arose for personal purposes is a consumer debt"); *Urquiaga v. Fin. Bus. & Consumer Solutions, Inc.*, No. 16-cv-62110-BLOOM, 2016 WL 6877735, at *3 (S.D. Fla. Nov. 21, 2016) (Bloom, J.) (ruling the "consumer debt element sufficiently plead" because the "plaintiff states that the debt concerns a student loan"); *Jimenez v. Account Services*, No. 16-cv-61094-BLOOM, 2017 WL 455206, at *6-7 (S.D. Fla. Feb. 2, 2017) (Bloom, J.) (finding the debt related to a consumer debt because an invoice, referenced in the pleadings, identifies the hospital, the plaintiff as a 'patient', and the service as "provided by the physician"). Specifically, medical expenses are categorized as consumer debts for pleading purposes, contrary to the defendant's claim that the complaint must provide "additional facts that explain why this medical bill qualifies as a consumer debt" (Def.'s Mot. at 4). *See Dunham v. Lombardo*, 830 F. Supp. 2d 1305, 1307 (S.D. Fla. 2011) (Seitz, J.) (finding that so long as a complaint "demonstrate[s] the debt involves a mortgage, credit card, *medical bill*, or other consumer debt," a consumer debt is established) (emphasis added); *Randolph v. Northeast Legal*, No. 2:12-cv-03800-HGD, 2014 WL 2819122, at *3-4 (N.D. Ala. May 23, 2014) (finding "that the debt at issue is a consumer debt as defined by the FDCPA" because it "arises out of a medical debt incurred by the plaintiff"). The Court finds Higgens's description of the debt, though brief and cursory, sufficient to establish the nature of the debt for the purposes of surviving a motion to dismiss.

### 3. Conclusion

Higgens's brief description of the debt in the amended complaint is sufficient to state a claim. For the reasons explained above, the Court therefore **denies** Trident's motion to dismiss. (**ECF No. 29**.

**Done and ordered** in chambers, at Miami, Florida, on June 16, 2017.

_____
Robert N. Scola, Jr.
United States District Judge