United States District Court
for the
Southern District of Florida

| Ralph Higgens, Plaintiff, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Civil Action No. 16-24035-Civ-Scola |
| | ) | |
| Trident Asset Management, LLC, | ) | |
| Defendant. | ) | |

## **Judgment on Partial Findings**

Plaintiff Ralph Higgens has brought this action against Defendant Trident Asset Management, LLC, a debt collector, for violations of the Fair Debt Collection Practices Act (FDCPA). Higgens complains Trident improperly re-reported a debt to credit bureaus after he disputed the debt and in doing so violated various provisions of the FDCPA. After the Court's order on Trident's motion for summary judgment, the sole issue to be determined at trial was whether Trident violated 15 U.S.C. § 1692e(8).

The parties agree that, under 15 U.S.C. § 1692e(8), once a debt collector is notified that a consumer's debt is disputed, the debt collector is required to so designate the debt when subsequently reporting it to a credit agency. In February 2016, Trident was referred an account which indicated that Higgens owed $195 to a creditor. Thereafter Trident reported that debt to various credit agencies. Higgens insists that Trident received his debt-dispute letter on May 16, 2016 and thus wrongfully re-reported his debt in June. Trident, conversely, alleges the letter was not received until June 28th and that it therefore was justified in not marking the debt as disputed until the following reporting period in July. The parties' disagreement thus centers on (1) when Higgens sent, and when Trident received, Higgens's debt-dispute letter. The parties also dispute (2) whether Higgens can establish that he suffered any actual damages.

On August 25, 2017, the Court held a non-jury trial. Prior to the trial, the parties submitted a joint pretrial stipulation (ECF No. 66), as well as their proposed findings of fact and conclusions of law (ECF Nos. 71, 72.) The Court has carefully reviewed these submissions. At the close of Higgens's case in chief, Trident moved for judgment which the Court construed as a motion under Federal Rule of Civil Procedure 52(c) for a judgment on partial findings. After considering the credible testimony and evidence presented by Higgens, and the applicable law, the Court, as announced on the record, finds that Higgens failed to carry his burden in establishing that Trident violated

Higgens's rights under the FDCPA. As a result, the Court finds in favor of Trident on count one, the only count, of the Complaint.

1. **Legal Standard**

Under Rule 52(c), "if a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." Fed. R. Civ. P. 52(c). A judgment on partial findings must be supported by separately stated findings of fact and conclusions of law. *Id.*

"A Rule 52(c) motion may be granted if . . . based on the evidence before it, the court finds, after resolving the credibility issues and weighing the evidence, for the defendant." *Denson v. United States*, 574 F.3d 1318, 1334 n. 48 (11th Cir. 2009). "In addressing a Rule 52(c) motion, the court does not view the evidence in the light most favorable to the nonmoving party, as it would in passing on a Rule 56 motion for summary judgment or a Rule 50(a) motion for judgment as a matter of law; instead, it exercises its role as factfinder." *United States v. $242,484.00*, 389 F.3d 1149, 1172 (11th Cir. 2004). "[T]he court must weigh the evidence and may consider the witnesses' credibility." *Caro-Galvan v. Curtis Richardson, Inc.*, 993 F.2d 1500, 1504 (11th Cir. 1993) (citing *Chris Berg, Inc. v. Acme Mining Co.*, 893 F.2d 1235, 1238 n. 2 (11th Cir.1990).)

2. **Findings of Fact**

The relevant facts adduced by Higgens are as follows. After becoming of aware of problems with his credit score, Higgens drafted a letter to Trident, notifying it that he disputed a debt Trident was trying to collect. Higgens then faxed the draft to RC Law Group. Someone from RC Law Group returned a copy of the letter to Higgens. Higgens testified that the only change to the content of the draft he had initially sent was that RC Law Group added Higgens's electronic signature. Additionally, superimposed on the copy of the letter Higgens received was a United States Postal Service "Certified Mail Receipt" bearing the tracking number: 7015 0640 0003 2980 8984. Using that number, Higgens accessed the delivery results online associated with that tracking code. From what he viewed online, Higgens says he concluded that the letter had been received by Trident on May 16, 2016. Upon this testimony alone, however, Higgens was unable to actually link that particular tracking number to the dispute letter itself. In other words, Higgens was unable to prove that the dispute letter was actually sent or that Trident received the dispute letter on May 16th, or any time prior to Trident's re-reporting the debt in June.

No one from the law firm which purportedly sent the letter testified at the hearing.

Higgens also testified that he reviewed his credit report six or seven times throughout the months of June and July in 2016. Although Higgens alleged in his amended complaint that his credit score had been negatively affected by Trident's failure to report his debt as disputed, he was unable to produce admissible evidence to this effect. He attempted, for example, to submit a copy of his credit report, however he was unable to properly authenticate it. Higgens did not provide any other evidence or testimony to support his damages claim.

### 3. Conclusions of Law

Higgens failed to produce any admissible evidence establishing that: his dispute letter was ever sent to Trident; Trident ever received the letter; or he suffered any damages as a result of Trident's handling of his debt. As the Court noted in its order on Trident's motion for summary judgment, so long as Higgens "present[s] [his documents] through the proper witnesses," they can "readily be authenticated and rendered admissible." (ECF No. 67, 3.) Despite the Court's advice, however, Higgens failed to ultimately produce any such witnesses and therefore was unable authenticate: the copy of the letter that was allegedly sent to Trident; the report showing the delivery of a tracked envelope; or his credit report. Additionally, Higgens should have been well aware of the evidentiary hurdles he faced just based on, for example, discrepancies Trident pointed out between the copy of the letter Higgens said was sent and the copy of the letter Trident alleged it ultimately received.

Ultimately, Higgens's presentation of his case in chief fell far short of proving his prima facie case.

### 4. Conclusion and Order

In accordance with the foregoing, the Court grants what it construes to be Trident's ore tenus Rule 52(c) motion and therefore enters judgment in favor of Trident on all claims asserted by Higgens. The Clerk is directed to **close** this case. Any pending motions are **denied as moot**.

**Done and ordered** at Miami, Florida on August 29, 2017.

_____
Robert N. Scola, Jr.
United States District Judge